UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RODGER MAY et al., | CASE NO. 2:25-cv-01353-JNW |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |
| v. | |
| JOHN KETCHAM, | |
| Defendant. | |

## 1. INTRODUCTION

This matter comes before the Court on Defendant John Ketcham's motion to dismiss Plaintiffs' amended complaint. Dkt. No. 9. Plaintiffs, Rodger May and Fish Tank, LLC, assert claims against Ketcham for breach of contract and declaratory judgment. Dkt. No. 7.

The dispute arises from the sale of Peter Pan Seafood Company's assets through a state court receivership proceeding in King County Superior Court. May bought those assets—including the Port Moller processing facility in Alaska—at a court-supervised auction. Ketcham, who holds a junior lien on the Port Moller property, has challenged the sale and continues to assert his lien rights. Plaintiffs

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 1

claim that Ketcham's position breaches a Subordination and Intercreditor Agreement ("SIA")[1] between Ketcham and Wells Fargo, to which Plaintiffs claim third-party beneficiary status. Plaintiffs also seek a declaratory judgment that Ketcham's lien has been released.

For the reasons below, the Court GRANTS the motion. Plaintiffs' breach of contract claim is dismissed without prejudice for failure to plead facts sufficient to state a claim. Plaintiffs' declaratory judgment claim is dismissed under *Brillhart* abstention. Plaintiffs are granted leave to file a Second Amended Complaint as to the breach of contract claim.

## 2.  LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. The Court will grant the motion only if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard is less than probability, "but it asks for more than a sheer possibility" that a defendant did something wrong. *Iqbal*, 556 U.S. at 678 (citations omitted). "Where a complaint

---

[1] The Court recognizes that the Parties refer to the underlying contract at issue using different names, the Court adopts to refer to the Agreement using the header identified on the first page of the contract, the "Subordination and Intercreditor Agreement," SIA for short. Dkt. No. 10-1.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 2

pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). In other words, a plaintiff must plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

When considering a motion to dismiss, the Court accepts factual allegations pleaded in the complaint as true and construes them in the light most favorable to the plaintiff. *Lund v. Cowan*, 5 F.4th 964, 968 (9th Cir. 2021). But courts "do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011). Thus, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Id.* (internal quotation marks omitted).

### 3.   DISCUSSION

### 3.1   Plaintiff's breach of contract claim is dismissed without prejudice.

The SIA is governed by New York law.[2] Dkt. No. 10 at 10 n.5 (citing Dkt. No. 10-1 § 16). To state a breach of contract claim under New York law, plaintiffs must plausibly allege: (1) the existence of a contract, (2) performance under the contract by plaintiff, (3) breach of that contract by the defendant, and (4) resulting damages.

---

[2] On a motion to dismiss, the Court may consider documents attached to or incorporated by reference in the complaint, as well as matters subject to judicial notice. *Lee v. County of Los Angeles,* 250 F.3d. 668, 688 (9th. Cir. 2001). Although Plaintiffs did not attach the SIA to their amended complaint, they reference a version of the agreement filed by Ketcham and they do not dispute its authenticity. Dkt. No. 14 at 4 n.5. The Court therefore considers the SIA in resolving this motion.

*Abu Dhabi Com. Bank v. Morgan Stanley & Co. Inc.*, 651 F. Supp. 2d 155, 173 (S.D.N.Y. 2009).

Under New York law, a third-party beneficiary claimant must establish "(1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for his benefit and (3) that the benefit to him is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate him if the benefit is lost." *State of Cal. Pub. Employees' Ret. Syst. v. Shearman & Sterling*, 741 N.E.2d 101, 104 (N.Y. 2000). When considering the intent of the parties, courts consider the surrounding circumstances as well as the agreement. *Trans–Orient Marine Corp. v. Star Trading & Marine, Inc.*, 925 F.2d 566, 573 (2d Cir. 1991) (citing Restatement (Second) of Contracts § 302(b) (1981)).

Dismissal of a third-party beneficiary claim is appropriate when the contract rules out any intent to benefit the claimant, *State of Cal. Pub. Employees' Ret. Sys.,* 741 N.E.2d 103–04, or when the complaint relies on language in the contract or other circumstances that will not support the inference that the parties intended to confer a benefit on the claimant, *First Capital Asset Mgmt., Inc. v. N.A. Partners, L.P.,* 688 N.Y.S.2d 25 (N.Y. App. Div. 1999) (dismissing third-party beneficiary complaint where there was no allegation that performance was owed directly to claimant "nor is there an allegation of any contractual language or other circumstances from which an intent to confer a benefit on petitioner could be inferred").

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 4

Ketcham raises substantial arguments about whether Plaintiffs qualify as *intended* third-party beneficiaries of the SIA, including a dispute about whether Section 2.6 or Section 2.2 of the agreement governs the sale at issue. The parties also disagree about whether a sale by a court-appointed receiver qualifies as a sale by a "Company" within the meaning of Section 2.6. These are contested questions of contract interpretation that the Court need not resolve at this stage. Even assuming Plaintiffs could establish third-party beneficiary status, their claim independently fails because the amended complaint does not adequately plead breach.

To survive a motion to dismiss on their contract claim, Plaintiffs must allege facts showing that Ketcham breached a specific provision of the SIA. *See Clemmons v. Upfield US Inc.*, 667 F. Supp. 3d 5, 19 (S.D.N.Y. 2023). Plaintiffs' factual allegations here are conclusory. Plaintiffs allege that Ketcham "has repeatedly taken the position" that he holds a lien in the Port Moller Property" and that his "conduct following the Sale has impeded Fish Tank's ability to sell the Port Moller real property, causing harm to Plaintiffs." Dkt. No. 7 ¶¶ 53, 54. Plaintiffs provide no further details about what this conduct entailed or how Ketcham's conduct prevented the sale from going forward. Nor do they allege any factual details from which the Court could draw a reasonable inference of breach. This falls short of the pleading standard. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'").

Plaintiffs acknowledge this deficiency and explain that their reason for not including more information for this element was due to Ketcham's actions over the

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 5

course of litigation. In Plaintiffs' original complaint, filed in state court before the case was removed to federal court, Dkt. No. 1-1, they included more details about Ketcham's allegedly breaching conduct—namely, his appeals of the Sale Order in King County Superior Court, in the Alaska ancillary proceeding, and in the Washington Court of Appeals. Dkt. No. 14 at 13–14. In response, Ketcham filed an anti-SLAPP notice under RCW 4.105.020, which prompted Plaintiffs to amend their complaint and remove details of those allegations. Whatever the reason for this pleading deficiency, the operative complaint must stand or fall on its own allegations. It does not contain sufficient factual matter to state a plausible breach of contract claim.

Accordingly, the Court GRANTS Ketcham's motion to dismiss Plaintiffs' breach of contract claim without prejudice. Although Plaintiffs' request for leave to amend does not comply with LCR 15(a), the Court GRANTS their request for leave to file a Second Amended Complaint. In doing so, Plaintiffs must ensure that any new claims they wish to raise are not compulsory counterclaims in *Ketcham v. May*, Case No. 2:25-cv-01291-JNW. *See Seattle Totems Hockey Club, Inc. v. Nat'l Hockey League*, 652 F.2d 852, 854 (9th Cir. 1981) (Rule 13 "bars a party who failed to assert a compulsory counterclaim in one action from instituting a second action in which that counterclaim is the basis of the complaint").

## 3.2    The Court declines to exercise jurisdiction over Plaintiffs' declaratory judgment claim.

Plaintiffs seek a declaratory judgment that, "pursuant to the terms of the [SIA], Ketcham has released his lien on the Port Moller Real Property and that Fish

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 6

Tank owns the Port Moller Real Property free and clear of such lien." Dkt. No. 7 ¶ 70. Ketcham asks the Court to decline jurisdiction under *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942).

The Declaratory Judgment Act, 28 U.S.C § 2201, provides that courts *may* declare the rights of interested parties. This is an authorization, not a commandment. *Brillhart*, 316 U.S. at 494. "Based on the permissive nature of the Declaratory Judgment Act, in *Brillhart* … , the Supreme Court held that a district court has discretion to dismiss a federal declaratory judgment action when 'the questions in controversy can better be settled in' a pending state court proceeding." *R.R. St. & Co. Inc. v. Transp. Ins.* Co., 656 F.3d 966, 975 (9th Cir. 2011) (quoting *Brillhart,* 316 U.S. at 495). In deciding whether to entertain such actions, district courts have "unique and substantial discretion," and no showing of "exceptional circumstances" is required to justify staying or dismissing federal proceedings. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286–89 (1995); *see also Maryland Cas. Co. v. Knight,* 96 F.3d 1284, 1288 (9th Cir. 1996).

District courts consider three factors when deciding whether to entertain a declaratory judgment action: "[1] avoiding 'needless determination of state law issues'; [2] discouraging 'forum shopping'; and [3] avoiding 'duplicative litigation.'" *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 975 (9th Cir. 2011) (quoting *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1224 (9th Cir. 1998)). *Brillhart*, 316 U.S. at 495.

In assessing the first factor, courts focus on "unsettled issues of state law, not fact-finding in the specific case." *Allstate Ins. Co. v. Davis*, 430 F. Supp. 2d 1112,

1120 (D. Haw. 2006) (quoting *Nat'l Chiropractic Mut. Ins. Co. v. Doe*, 23 F. Supp. 2d 1109, 1118 (D. Alaska 1998)); *Hartford Underwriters Ins. Co. v. Masters*, Civ. Nos. 10-00629 JMS-BMK, 2011 WL 2173779, at *9 (D. Haw. June 2, 2011) ("Thus, the court assesses not merely whether the action raises a state law issue (which is the case for almost all diversity actions), but rather whether it presents an unsettled issue of state law"). Plaintiffs' request, though framed as a contract question, asks this court to determine who owns the Port Moller Property free and clear of liens. That question is the subject matter of litigation in King County Superior Court, *Wells Fargo Bank, Nat'l Association v. Northwest Fish Co., LLC, et al.*, No. 24-2-08809-1 SEA. In that case, the trial court entered the Sale Order authorizing the Receiver to sell and transfer Peter Pan's assets to May, following the court-approved auction. Dkt. No. 7 ¶ 47–49. Ketcham has challenged that order, appealing to the Washington Court of Appeals. To issue the declaration Plaintiffs seek, this Court would need to assess the validity and effect of the Sale Order—a state court order entered in an ongoing state proceeding. This is the kind of "needless determination of state law issues" that *Brillhart* warns against. This factor favors abstention.

As for the second factor, Ketcham does not argue that Plaintiffs are engaging in forum-shopping. It was Ketcham who removed this case to federal court. This factor weighs in favor of retention.

Turning to the third factor—avoiding duplicative litigation—retaining jurisdiction would require this Court to address the same issues of state law that the King County Superior Court has been grappling with and that will be presented to the Washington Court of Appeals once the receivership concludes. *See R.R. St. &*

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 8

*Co.,* 656 F.3d at 976 (duplicative litigation results where retaining jurisdiction would require the district court to address the same issues that the state court has been addressing). A parallel state proceeding need not involve identical parties or issues; overlap of factual questions suffices. *Dizol,* 133 F.3d at 1227*; Polido v. State Farm Mut. Auto. Ins. Co.,* 110 F.3d 1418, 1423 (9th Cir. 1997). The overlap here is substantial. This factor favors abstention. As the Ninth Circuit put it, "the dispositive question is not whether the pending state proceeding is parallel, but rather, whether there was a procedural vehicle available to the [defendant] in state court to resolve the issues raised in the action filed in federal court." *Polido,* 110 F.3d at 1428. That vehicle exists here because the anticipated appeal of the Sale Order will present the Washington Court of Appeals with the same ownership and lien-priority issues that Plaintiffs have asked this Court to resolve.

Two of the three *Brillhart* factors favor abstention, and an additional consideration reinforces that conclusion. Beyond the *Brillhart* factors, the Ninth Circuit has recognized that courts may also consider whether exercising jurisdiction over a declaratory action would result in "entanglement between the federal and state court systems." *Dizol,* 133 F.3d at 1225 n.5. That risk is present here. Issuing a declaration about who owns the Port Moller Property free and clear of liens while the Sale Order remains subject to state appellate review would risk conflicting rulings and inject this Court into a state proceeding that is still unfolding. The Court therefore declines to exercise jurisdiction over Plaintiffs' declaratory judgment claim. *Wilton,* 515 U.S. at 282–83 ("*Brillhart* did not set out an exclusive list of factors governing the district court's exercise of this discretion").

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 9

**3.3    The Court dismisses rather than stays the declaratory judgment claim.**

The Court dismisses rather than stays the declaratory judgment claim. Although a stay is often the preferred remedy, *Wilton*, 515 U.S. at 288, the breach of contract claim has been dismissed with leave to amend, and the state receivership proceedings remain ongoing with no final judgment in sight. Staying the declaratory claim while the breach claim is repled and perhaps relitigated would serve no useful purpose and would leave this Court indefinitely tethered to a claim it cannot meaningfully resolve until the state proceedings have run their course. Dismissal without prejudice is the more efficient path. The breach of contract claim, by contrast, exists independent of the request for declaratory relief and is not subject to the Declaratory Judgment Act's discretionary jurisdictional standard. *Snodgrass v. Provident Life & Accident Ins. Co.*, 147 F.3d 1163, 1167 (9th Cir. 1998).

## 4.   CONCLUSION

Accordingly, the Court ORDERS:

1. Ketcham's motion to dismiss, Dkt. No. 9, is GRANTED, and Plaintiffs' declaratory judgment claim is DISMISSED pursuant to *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942), and its progeny.

2. Plaintiffs' request for leave to file a Second Amended Complaint is GRANTED. Plaintiffs may file a Second Amended Complaint within THIRTY (30) days of this Order. Plaintiffs must ensure that any new

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 10

claims they wish to raise are not the subject of counterclaims in *Ketcham v. May*, Case No. 2:25-cv-01291-JNW.

Dated this 2nd day of March, 2026.

Jamal N. Whitehead
United States District Judge